no determination on the merits of CFSC's right to foreclose in the first place. Our sense is that the better practice would be for the trial court to defer the assessment of damages until adjudication of the merits of the underlying claim. In any event, the judgment entered in favor of CFSC is purely interlocutory and, as expressly provided in Rule 74.01(b), "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In light of our disposition, we do not reach or decide the issue of Plaintiffs' liability for damages. We do, however, deny CFSC's Rule 84.19 motion for damages for frivolous appeal. Both parties argued that the order was appealable.

Appeal dismissed.

CARL R. GAERTNER, P.J., and GRIMM, J., concur.

K. Steven Jones, St. Louis, for defendant/respondent.

Before CARL R. GAERTNER, P.J., and CRANE and CRAHAN, JJ.

### ORDER

PER CURIAM.

Plaintiff appeals from a summary judgment order issued in favor of defendant dismissing his uninsured motor vehicle claim.

A detailed opinion stating facts and citing principles of law would have no precedential value. The parties have been furnished with a memorandum opinion for their information only setting forth the facts and reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).

**Viengxay THALANGSY, Plaintiff/Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Respondent.**

No. 62258.

Missouri Court of Appeals, Eastern District, Division Four.

April 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1993.

Del Phillips, Ray B. Marglous, St. Louis, for plaintiff/appellant.

**James Joseph LAZZARI, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 62154.

Missouri Court of Appeals, Eastern District, Division Two.

April 6, 1993.

